UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2011 JUL 14 P 2:35
U.S. DISTRICT COURT
NEW HAVEN, CT

ALEX VELEZ,
    Plaintiff,

v.

MELVIN SAYLOR, et al.,
    Defendants.

PRISONER
CASE NO. 3:11-cv-1001(JBA)

## INITIAL REVIEW ORDER

Plaintiff Alex Velez, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000). The named defendants are Lieutenants Melvin Saylor and Barnett and Correctional Officers Prior, St. John, Duggan, Bowman, Fraga, Blais and Vella. All defendants are named in their individual capacities only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon

which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that several of the defendants used excessive force against him during a cell extraction and that the remaining defendants failed to intercede to protect him from harm. He brings these claims under federal and state law. After careful consideration, the Court concludes that the allegations warrant service of the complaint and an opportunity for the plaintiff to address the defendants' response to the his allegations.

## Orders

The Court enters the following orders:

(1) **The Pro Se Prisoner Litigation Office shall** verify the current work addresses for each defendant, mail waiver of service of process request packets including the amended complaint to each defendant in his or her individual capacity by July 28, 2011, and report to the court on the status of those waiver requests by August 19, 2011. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshal Service on the defendant in his or her individual capacity and the defendant shall be required to pay the

costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     **The defendants shall** file their response to the complaint, either an answer or motion to dismiss by September 28, 2011. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by February 14, 2012. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed by March 14, 2012.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed, or by April 04, 2012. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Dated at New Haven, Connecticut this 14th day of July 2011.

/s/
Janet Bond Arterton
United States District Judge